**Jerene MARTORANO**

v.

**SECRETARY OF the NAVY, et al.**

**Civ. A. No. 88–1999.**

United States District Court,
E.D. Pennsylvania.

July 1, 1988.

Bernard Chanin, Philadelphia, Pa., for plaintiff.

Louis W. Davis, Asst. U.S. Atty., for defendants.

## MEMORANDUM AND ORDER

FULLAM, Chief Judge.

On December 27, 1985, plaintiff lost her job as manager of the Enlisted Mess at the Philadelphia Naval Station. After pursuing unsuccessful administrative appeals, plaintiff filed this lawsuit claiming that defendants had violated agency regulations, acted arbitrarily and capriciously, and deprived plaintiff of a protected property interest without due process of law. Defendants responded with a motion to dismiss. Since this motion is accompanied by exhibits that go beyond the pleadings, it will be treated as a motion for summary judgment.

Plaintiff began working at the Naval Station's Enlisted Mess in September 1974. During her employment there, she was commended, on several occasions, for exemplary performance. However, on November 24, 1985, the Gloucester County, New Jersey police arrested and charged plaintiff with possession of marijuana and two counts of gambling offenses. Earlier that day, the police had searched plaintiff's residence, pursuant to search warrant, discovering evidence of bookmaking activity. As a result of the seizure of gambling paraphernalia and marijuana at plaintiff's residence, the police also arrested and charged a man who was plaintiff's live-in companion at the time. Plaintiff was indicted for two counts of gambling offenses in July 1986 but has not yet been brought to trial on those charges.

On November 27, 1985, three days after her arrest by the New Jersey police, plaintiff received notice from her employer that she had been suspended and that she faced possible termination. Plaintiff was told that the reason for the suspension was that there were "justifiable reasons to believe [her] guilty of a crime for which a prison sentence may be imposed." The notice also advised plaintiff of her right to be represented by counsel and to respond orally and in writing. On December 19, 1985, the proposed termination was approved by plaintiff's superior, to be effective December 27, 1985. Plaintiff was informed of this action and her right to appeal.

Plaintiff, as a nonappropriated fund employee, enjoys no statutory right to judicial review of the adverse job action taken against her. *See* 5 U.S.C. § 2105(c); *Perez v. Army and Air Force Exchange Service,* 680 F.2d 779 (D.C.Cir.1982) (affirming that nonappropriated fund employees are not "employees" within the meaning of the Civil Service Reform Act and that no provision of the CSRA confers jurisdiction on the Merit Systems Protection Board to hear their appeals); *Harrison v. Bowen,* 815 F.2d 1505, 1513 (D.C.Cir.1987) (neither CSRA nor APA affords employee right to seek judicial review of statutory, nonconstitutional claims alleging improper adverse job action); *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988) (CSRA precludes judicial review for claims brought under the Tucker Act based on the Back Pay Act).

In her response to defendants' motion to dismiss, plaintiff apparently concedes this point, maintaining that she has asserted constitutional, not statutory, claims in her complaint, and that the former stand on a different footing than the latter so far as judicial review is concerned. *See Harrison v. Bowen,* 815 F.2d at 1514. But plaintiff's claim of constitutional deprivation cannot succeed based on the facts alleged in her complaint.[1]

■ Plaintiff contends that since the Navy's personnel manual specifies the reasons that nonprobationary employees, such as plaintiff, may be terminated, plaintiff has a legitimate property interest in continued employment. Even if plaintiff is correct, *but cf. Carducci v. Regan,,* 714 F.2d 171 (D.C.Cir.1983) (suggesting in dictum that CSRA provisions setting forth personnel actions that can only be taken for cause may be the exclusive source of entitlement for civil service employees), and the person-

---

1. The sole constitutional claim in the complaint is a Fifth Amendment due process claim. In her response to defendants' motion to dismiss, plaintiff suggests that retaliatory animus from one of her superiors may have played a part in her suspension and termination, but these allegations have not been pleaded in the complaint.

nel manual's specifications give rise to a property interest which triggers a constitutional right to due process, the complaint discloses that plaintiff received all the process that was due under the Constitution. *See Harrison v. Bowen,* 815 F.2d at 1519. Plaintiff received 30 days written notice of her proposed termination, was informed of the reason for the proposed action, was given an opportunity to respond orally and in writing, and was allowed a further opportunity to present her case, and did so. The Constitution does not require more process. *See id.*

In arguing her Fifth Amendment due process claim, plaintiff emphasizes that her termination was arbitrary and capricious because her superior failed to perform an independent investigation to verify the truth of the criminal charges lodged against her. Plaintiff contends that the Navy's personnel manual requires that a "thorough investigation" be performed before disciplinary action is taken, and that defendants violated this agency regulation when they terminated plaintiff without an independent investigation into the accuracy of the criminal charges. According to plaintiff, the violation of this and other agency regulations constitutes a deprivation of due process under the Fifth Amendment.

█ The argument is not persuasive. In the first place, it seems reasonably clear that the agency regulation requiring a "thorough investigation" was adhered to: an investigation to determine the existence of "justifiable reasons to believe [plaintiff] guilty of a crime for which a prison sentence may be imposed" is properly characterized as "thorough" when it includes not only awareness of the undisputed fact of plaintiff's arrest by responsible police officials, but also a review of the police reports reflecting the (also undisputed) seizure of incriminating evidence (marijuana and betting slips) in plaintiff's residence. Plaintiff's explanation of these events and circumstances were fully aired before the discharge decision was reached. Just what additional investigation should have been undertaken, and just what additional information would have come to light, is difficult to fathom.

More importantly, however, the requirement of a "thorough investigation" is found in the personnel manual, not in the United States Constitution. Because of plaintiff's status as a non-appropriated funds employee, she cannot prevail here merely by showing some departure from the procedures spelled out in the personnel manual, but must show a violation of her constitutional rights. She was accorded procedural due process in the constitutional sense, and the record would not permit a finding that her suspension and termination were arbitrary or capricious. Judgment must therefore be entered in favor of the defendants.